UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

UNITED STATES OF AMERICA,

　　　　　Plaintiff,

　　　　v.

DWAYNE CHARLES ROBINSON,

　　　　　Defendant.

Case No. CR01-0395 FDB

ORDER DENYING MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE

　　　This matter comes before the Court on motion of Defendant for early termination of supervised release. The government opposes the motion.

　　　The Court may terminate a term of supervised release and discharge a defendant released at any time after the expiration of one year of supervised release if the Court is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice. 18 U.S.C. § 3583(e)(1). Factors the Court must consider in making such determination are The factors to be considered include 18 U.S.C. § 3553(a)(1) (nature and circumstances of offense and history and characteristics of the defendant); (a)(2)(B) (adequate deterrence); (a)(2)(C) (protection of the public); (a)(2)(D) (services needed by the defendant); (a)(4) (established sentence); (a)(5) (policy statements); (a)(6) (need to avoid sentencing disparity); and (a)(7) (need to provide restitution to any victims). 18 U.S.C. § 3583(e)(1).

　　　Defendant contends that his term of supervised release should be terminated for three reasons. First, his employer may conduct an additional security check that may result in the termination of his employment if he remains on supervised release. Second, his supervision may

ORDER - 1

adversely influence a child custody battle between his girlfriend and her ex-husband. Third, supervision is impeding his ability to visit out-of-state family members.

The Court finds that these factors do not satisfy the criteria for early termination of supervised release. Although it appears that the defendant has been in compliance with the conditions of his supervised release since June of 2005, his history of non-compliance is significant. Both incidents of noncompliance (possessing a firearm and vehicular assault/driving under the influence were new crimes that posed a significant risk to the community. Thus, the history and characteristics of the defendant and protection of the public weigh against granting early termination. Further, none of the alleged impacts of continued supervision are significantly compelling to warrant termination of supervised release. Defendant does not explain why continued supervised release would impact his employment in a manner different than his criminal history. This fact also applies to the child custody dispute. It seems that defendant's criminal history would be the subject of concern, not the fact the he is subject to supervision. Finally, nothing suggests that defendant has been unable to obtain the required permission to travel out-of-state to visit family members.

The Court has considered the statutory factors and determined that early termination of supervised release is not appropriate for Mr. Robinson.

ACCORDINGLY;

IT IS ORDERED:

Defendant's motion for early termination of supervised release [Dkt. #49] is **DENIED**.

DATED this 7th day of February, 2008.

FRANKLIN D. BURGESS
UNITED STATES DISTRICT JUDGE

ORDER - 2